1 DARRYL M. WOO (CSB NO. 100513)
dwoo@fenwick.com
2 RYAN J. MARTON (CSB NO. 223979)
rmarton@fenwick.com
3 LESLIE A. KRAMER (CSB 253313)
lkramer@fenwick.com
4 FENWICK & WEST LLP
555 California Street
5 12th Floor
San Francisco, California 94104
6 Telephone: (415) 875-2300
Facsimile: (415) 281-1350

FILED 2010 OCT -1 P 3:03 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

E-filing

Attorneys for Plaintiff Vendio Services, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV10 4455 HRL

| | |
|---|---|
| VENDIO SERVICES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>P.S. PRODUCTS, INC., an Arkansas corporation, and BILLY PENNINGTON, an individual,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT<br><br>JURY TRIAL DEMANDED |

Plaintiff Vendio Services, Inc. ("Vendio") for its Complaint for Declaratory Judgment against Defendants P.S. Products, Inc. and Billy Pennington (collectively, "P.S. Products" or "Defendants") aver the following:

**NATURE OF THE ACTION**

1. This action is based on the patent laws of the United States, Title 35 of the United States Code. Defendants have asserted rights under U.S. Patent Nos. D561,294 S ("the '294 patent) and D576,246 S ("the '246 patent") (collectively, "the Patents-in-Suit") based on certain ongoing activity by Vendio. Vendio contends that it has the right to engage in the accused activity without license. True and correct copies of the Patents-in-Suit are attached hereto as Exhibits A and B. Vendio thus seeks a declaration that it does not infringe the Patents-in-Suit.

COMPLAINT FOR DECLARATORY
JUDGMENT

## THE PARTIES

2. Vendio is a Delaware corporation with its principal place of business at 2800 Campus Drive, Suite 150, San Mateo, CA 94403.

3. On information and belief, P.S. Products is an Arkansas company with its principal place of business at 414 S. Pulaski Street, Little Rock, AR 72201.

4. On information and belief, Billy Pennington is an Arkansas resident and the President of P.S. Products.

## JURISDICTION AND VENUE

5. This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Vendio seeks declaratory relief under the Declaratory Judgment Act. Thus, the court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

6. An actual controversy exists between Vendio and Defendants by virtue of Defendants' assertion of rights under the Patents-in-Suit based on certain ongoing activity by Vendio.

7. Vendio contends that it has a right to operate its websites including, but not limited to www.vendio.com and provide related services without license from Defendants.

8. The Court has personal jurisdiction over Defendants because Defendants have purposely directed their activities relating to the Patents-in-Suit, which is the subject matter of this action, into the Northern District of California. For example, and without limitation, Defendants have directed enforcement activities relating to the Patents-in-Suit, including but not necessarily limited to the assertion of rights against Vendio in the Northern District of California. Further, upon information and belief, Defendants solicit and conduct business in and within this jurisdiction. Accordingly, Defendants have established the requisite minimum contacts with this District, and exercise of jurisdiction here would comport with traditional notions of substantial justice and fair play.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this district. Venue is also proper pursuant to 28 U.S.C.

1  § 1391(b) because the events which give rise to the remedy requested herein occurred in this
2  district.

## INTRADISTRICT ASSIGNMENT

10. This is an Intellectual Property Action subject to district-wide assignment under Local Rule 3-2(c).

## FACTUAL BACKGROUND

11. Vendio is a multi-channel ecommerce solution that provides third party sellers with a free online storefront and simplifies users' selling on other web-based marketplaces such as eBay and Amazon.com. Vendio does not, however, manufacture, own, control or take possession of any of the products listed or sold after use of its platform or services.

12. On information and belief, P.S. Products is a manufacturer and distributor of stun guns and other personal security devices.

13. The '294 patent is entitled Stun Gun. The '294 patents states on its face that its inventor is Billy Pennington and that it was issued on February 5, 2008.

14. The '246 patent is entitled Stun Gun. The '246 patents states on its face that its inventor is Billy Pennington and that it was issued on September 2, 2008.

15. On August 24, 2010, Vendio received a letter from Defendants accusing it of infringing the '294 and '246 patents.

16. Vendio has not infringed and does not infringe the Patents-in-Suit. Accordingly, an actual controversy exists between Vendio and Defendants as to whether Vendio's activities infringe any claim of the Patents-in-Suit. Absent a declaration of non-infringement, Defendants will continue to wrongly assert the Patents-in-Suit against Vendio, and thereby cause Vendio irreparable harm.

///
///
///

COMPLAINT FOR DECLARATORY JUDGMENT     3

## FIRST CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '294 Patent)**

17. Vendio hereby incorporates by reference its allegations contained in paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18. Defendants contend that Vendio infringes the '294 patent.

19. Vendio denies Defendants' contentions and alleges that Vendio does not directly or indirectly infringe the '294 patent.

20. An actual controversy thus exists between Vendio and Defendants as to whether Vendio infringes the '294 patent.

21. Accordingly, Vendio seeks and is entitled to a judgment against Defendants that Vendio does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, the '294 patent.

## SECOND CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '246 Patent)**

22. Vendio hereby incorporates by reference its allegations contained in paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23. Defendants contend that Vendio infringes the '246 patent.

24. Vendio denies Defendants' contentions and alleges that it does not directly or indirectly infringe the '246 patent.

25. An actual controversy thus exists between Vendio and Defendants as to whether Vendio infringes the '246 patent.

26. Accordingly, Vendio seeks and is entitled to a judgment against Defendants that Vendio does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, the '246 patent.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff Vendio demands a jury trial as to all matters triable of right by a jury.

///

COMPLAINT FOR DECLARATORY JUDGMENT                4

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a declaratory judgment against Defendants as follows:

A. Judgment against Defendants declaring that the '294 and '246 patents are not infringed by Vendio;

B. A declaration that Vendio's case against Defendants is an exceptional case within the meaning of 35 U.S.C. § 285;

C. An award of costs and attorneys' fees to Vendio; and

D. Such other and further relief as the Court deems just and reasonable.

Dated: October 1, 2010

FENWICK & WEST LLP

By: /s/ Darryl M. Woo

Attorneys for Plaintiff
Vendio Services, Inc.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

COMPLAINT FOR DECLARATORY JUDGMENT    5