DARRYL M. WOO (CSB NO. 100513)
dwoo@fenwick.com
RYAN J. MARTON (CSB NO. 223979)
rmarton@fenwick.com
LESLIE A. KRAMER (CSB NO. 253313)
lkramer@fenwick.com
FENWICK &WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  (415) 875-2300
Facsimile: (415) 281-1350

Attorneys for Plaintiff Vendio Services, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENDIO SERVICES, INC., a Delaware corporation,<br><br>Plaintiff,<br>v.<br><br>P.S. PRODUCTS, INC., an Arkansas corporation, and BILLY PENNINGTON, an individual,<br><br>Defendants. | Case No.  5:10-cv-04455-JW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(F) REPORT** |

The parties, Plaintiff Vendio Services, Inc. ("Vendio" or "Plaintiff") and Defendants P.S. Products, Inc. and Billy Pennington (collectively, "P.S. Products" or "Defendants"), by and through their undersigned counsel, jointly submit this Joint Case Management Statement and Rule 26(f) Report in anticipation of the Case management Conference pursuant to Fed. R. Civ. P. 16(b) and Civil L.R. 16-10, scheduled for February 14, 2011 at 10:00 a.m.

1. **JURISDICTION AND SERVICE**

This Court has subject matter jurisdiction over this declaratory judgment action for noninfringement pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202. Defendants have been served with both the original Complaint and the First Amended Complaint. On February 1, 2011, Defendants filed a motion to dismiss, challenging this Court's personal jurisdiction in response to the First Amended Complaint.

2. **FACTS**

Vendio's Description of the Case:

Plaintiff seeks Declaratory Judgment of Non-Infringement of U.S. Patent Nos. D561,294 S ("the '294 patent) and D576,246 S ("the '246 patent") (collectively, "the Patents-in-Suit"), which are purportedly owned by Defendants. Before filing this suit, Defendants sent a cease-and-desist letter to Vendio accusing it of infringing the Patents-in-Suit. In order to gain certainty and confront this accusation, Vendio filed this action on October 1, 2010.

Plaintiff Vendio will argue that it cannot be liable for infringement of the Patents-in-Suit because they do not manufacture, own, control or take possession of any of the accused products, nor does Plaintiff have any control over the third parties that do manufacture, sell, and distribute such products. Rather, Vendio is a multi-channel ecommerce solution that provides third party sellers with an online storefront facility and tools and simplifies users' selling on other web-based marketplaces, such as eBay and Amazon.com.

Defendants' Description of the Case:

The Court does not have personal jurisdiction over the Defendants. Neither general nor specific jurisdiction exists in this district. Personal jurisdiction requires minimum contacts. The Defendants have never been to the physical reaches of the District, or for that matter, the Northern

District of California. It has not contracted with any party in the Northern District California or engaged in other activities in the state. The Defendants' office is in Little Rock, Arkansas. The Defendant does not have any clients in the Northern District of California. The Defendants do not sell any of its products to any person or entity in the Northern District of California. The only contact the Defendants had with the Plaintiffs is that they mailed them a cease and desist letter.

The Plaintiffs are operating an online store where products that violate the Defendants' patent are being sold. Additionally, the Plaintiffs profit from the illegal products being sold on its website. The Plaintiffs induced third parties to infringe on the Defendant's patents even after receiving notice of the Defendant's patents.

Principal Factual Issues in Dispute:

The parties dispute the following principal facts:

(a) Whether Vendio directly infringed and/or continues to directly infringe one or more of the claims of the '294 or '246 Patents;

(b) Whether Vendio indirectly infringes and/or continues to indirectly infringe one or more of the claims of the '294 or '246 Patents.

**3. LEGAL ISSUES**

The principal legal issues, which the parties dispute are:

(a) Whether Vendio is liable for directly infringing the '294 or '246 Patents;

(b) Whether Vendio is liable for indirectly infringing the '294 or '246 Patents;

(c) Whether Vendio's claims present an exceptional case entitling it to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

The parties reserve the right to contest any factual assertions or to dispute any factual issues.

**4. MOTIONS**

On October 27, 2010, Defendants filed a motion to dismiss the Complaint pursuant to Rule 12(b)(2). Dkt. No. 15. That motion was withdrawn pursuant to stipulation upon the filing of Plaintiff's First Amended Complaint. Dkt. No. 25. On February 1, 2011, Defendants filed a motion to dismiss the First Amended Complaint pursuant to Rule 12(b)(2). Dkt. No. 28.

Plaintiff anticipates filing an early motion for summary judgment on the grounds that as a matter of law, it cannot be liable for either direct or indirect infringement.  *See* Plaintiff's proposal under section 16 below.

**5.  AMENDMENT OF PLEADINGS**

The parties do not anticipate adding or dismissing any parties, claims or defenses, and propose a deadline of March 14, 2011 for any further amendment of the pleadings.

**6.  EVIDENCE PRESERVATION**

The parties have taken reasonable steps to preserve evidence, including electronically stored information and relevant hard copy files.

**7.  DISCLOSURES**

The parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a) on December 15, 2010.  The parties have also agreed that Defendants will provide infringement contentions pursuant to Patent Local Rules 3-1 and 3-2 on or before March 18, 2011.

**8.  DISCOVERY**

Plaintiff has served limited discovery relating to the issue of personal jurisdiction on Defendants.  No other discovery has been served.  *See* Plaintiff's proposal under section 16 below.  In the event that discovery generally proceeds, the parties anticipate that the scope of discovery will cover the factual and legal issues identified above, including all related, ancillary, and subsidiary factual and legal issues and matters.

The parties intend to submit a stipulated protective order to govern discovery for the Court's approval.  The parties agree that except as stated, the ordinary discovery limitations set forth by the Federal Rules of Civil Procedure shall be applicable.

**9.  CLASS ACTION**

This is not a class action.

**10.  RELATED CASES**

There are no related actions.

JOINT CMC STATEMENT AND 26(F) REPORT       3          CASE NO. 5:10-CV-04455-JW

**11.　RELIEF**

Judgment and Relief Sought by Vendio:

　　　As pleaded in its First Amended Complaint, Vendio seeks the following relief:

　　　A.　Judgment against Defendants declaring that the '294 and '246 patents are not infringed by Vendio;

　　　B.　A declaration that Vendio's case against Defendants is an exceptional case within the meaning of 35 U.S.C. § 285;

　　　C.　An award of costs and attorneys' fees to Vendio; and

　　　D.　Such other and further relief as the Court deems just and reasonable.

Judgment and Relief Sought by P.S. Products:

　　　A.　Defendants seek to be dismissed from the case on the grounds that the Court does not have jurisdiction over the Defendants, and in the alternative this matter should be transferred to the Eastern District of Arkansas for the convenience of the parties.

　　　B.　Judgment against Plaintiffs declaring that the Plaintiff's websites contributory infringe on the Defendants' patents;

　　　C.　An award of costs and attorneys' fees to the Defendants; and

　　　D.　Such other and further relief as the Court deems just and reasonable.

**12.　SETTLEMENT AND ADR**

　　　Pursuant to ADR Local Rule 3-5(a) and (c), the parties have met and conferred and filed their Notice of Need for ADR Teleconference in order to discuss a settlement conference before a Magistrate Judge. The ADR Teleconference is scheduled to take place on February 9, 2011. Plaintiff filed its ADR Certification pursuant to ADR Local Rule 3-5(b) on December 22, 2010.

**13.　CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

　　　The parties do not consent to a Magistrate Judge for all purposes. On October 8, 2010, Plaintiff filed its Declination to Proceed before a Magistrate Judge, and this case was reassigned to Judge James Ware.

**14.　OTHER REFERENCES**

　　　The parties do not believe this matter is suitable for reference to binding arbitration, a

special master, or the Judicial Panel on Multidistrict Litigation.

**15.** **<u>NARROWING OF ISSUES</u>**

Except as set forth in section 16 below, the parties are not aware of any issues that can be narrowed at this time.

**16.** **<u>EXPEDITED SCHEDULING</u>**

<u>Plaintiff's Position</u>:

Plaintiff believes this case should proceed to an early motion for summary judgment that Plaintiff's activities of merely operating a website that offers third party users an online storefront and the tools to sell their products on other websites, as a matter of law, constitute patent infringement, where the patents are directed to the goods allegedly made and sold by those third party users, as contrasted with patents that might be directed to website operational features. Little if any discovery is needed for such motion, and it is Plaintiff's suggestion that all other discovery, including Patent Local Rules disclosures, be held in abeyance pending resolution of such motion.

<u>Defendants' Position</u>:

Defendants object to any expedited scheduling. The Plaintiffs are operating an online store where products that violate the Defendants' patent are being sold. Additionally, the Plaintiffs profit from the illegal products being sold on its website. Furthermore, there are material issues of fact on which discovery needs to be held.

**17.** **<u>SCHEDULING</u>**

In the event that Plaintiff's suggestion in section 16 above is not adopted, the parties propose the following schedule for the parties' disclosures and other obligations under the Northern District's Patent Local Rules:

| Date | Event |
|---|---|
| March 18, 2011 | Defendants provide infringement contentions and related discovery pursuant to Local Patent Rules 3-1 and 3-2 |
| April 30, 2011 | Deadline to amend pleadings |
| 8 months before trial | Close of Fact Discovery |

| | |
|---|---|
| 30 days after close of fact discovery | Parties exchange expert reports for the issues for which they have the burden of proof |
| 30 days after initial expert reports exchanged | Parties exchange rebuttal expert reports |
| 30 days after rebuttal expert reports exchanged | Close of Expert Discovery |
| 30 days after close of expert discovery | Last day to file motions for summary judgment |
| 20 days before Pretrial Conference | Motions in limine and objections to evidence due |
| 10 days before Pretrial Conference | Responses to motions in limine and objections to evidence due |
| 2 weeks prior to pretrial conference | Parties to file Final Pretrial Order, joint set of proposed jury instructions (including a memorandum of law in support of each disputed instruction), joint special verdict form, joint set of voir dire questions, copies of the Rule 26(a)(3) disclosures, and optional trial briefs. |
| TBD (per Court's schedule) | Pretrial Conference |
| TBD (per Court's schedule) | Trial Begins |

**18. TRIAL**

Both sides have demanded or intend to demand a trial by jury. While it is difficult for the parties to estimate the expected length of trial at this time, the parties anticipate that five (5) trial days should be sufficient.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Vendio complied with Civil Local Rule 3-16 on October 14, 2010 and identified the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: E-Service International Limited; Alipay Singapore E-Commerce Private Limited; Silverworld Technology Limited; Alibaba.com International (Cayman) Holding Limited; Alibaba.com Investment Holding Limited; Alibaba.com Limited; Alibaba Group Holding Limited; Yahoo!, Inc.; and SOFTBANK Corp.

P.S. Products complied with Civil Local Rule 3-16 on November 23, 2010 and did not identify any interested entities or persons.

**20. <u>OTHER MATTERS</u>**

The parties are not aware of any other matters necessary to facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: February 4, 2011  FENWICK & WEST LLP

By: /s/ Darryl M. Woo
　　　　Darryl M. Woo

Attorneys for Plaintiff Vendio Services, Inc.

Dated: February 4, 2011  STEWART LAW FIRM

By: /s/ Chris H. Stewart
　　　　Chris H. Stewart

Attorneys for Defendants
P.S. Products, Inc. and Billy Pennington

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, Darryl M. Woo, attest that concurrence in the filing of this document has been obtained from any signatories indicated by a "conformed" signature (/s/) within this e-filed document.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 4th day of February 2011, at San Francisco, CA.

FENWICK & WEST LLP

By: /s/ Darryl M. Woo
       Darryl M. Woo

Attorneys for Plaintiff Vendio Services, Inc.

**[PROPOSED] ORDER**

Pursuant to the Joint Case Management Statement and 26(f) Report, the parties in the above captioned matter shall follow the Proposals, Stipulations and Schedule contained therein.

IT IS SO ORDERED.

Dated: February ___, 2011        By:_____
                                                           Honorable James Ware